IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                    Criminal No. 18-315

ARLINDA MORIARTY
DAYNELLE DICKENS
JULIE WILSON
TAMIKA ADAMS
TONY BROWN
TERRA DEAN
TIONNE STREET
KEITH SCOGGINS
TIA COLLINS
LARITA WALLS
LUIS COLUMBIE-ABREW

## AMENDED INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United

States Attorney for the Western District of Pennsylvania, and Eric G. Olshan, Assistant United

States Attorney for said District, and submits this Amended Indictment Memorandum to the Court:

## I.  THE INDICTMENT

A twenty-two-count Indictment was filed against the above-named defendants for alleged

violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT(S) CHARGED |
|-------|--------------|---------------|----------------------|
| 1 | Conspiracy to Commit Health Care Fraud<br><br>From in and around January 2011, to in and around May 2017 | 18 U.S.C. § 1349 | All defendants |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT(S) CHARGED |
|---|---|---|---|
| 2 | Health Care Fraud<br><br>From in and around January 2011, to in and around April 2017 | 18 U.S.C. §§ 1347 & 2 | All defendants |
| 3 | Concealment of Material Facts Related to Health Care Matter<br><br>From in and around January 2011, to in and around April 2017 | 18 U.S.C. §§ 1035(a)(1) & 2 | MORIARTY<br>DICKENS<br>WILSON<br>TAMIKA ADAMS |
| 4-22 | Aggravated Identity Theft<br><br>Between on or about November 29, 2013, and on or about September 18, 2015<br><br>(see charts in Indictment for specific dates) | 18 U.S.C. §§ 1028A & 2 | MORIARTY (Counts 4-17)<br>COLUMBIE-ABREW (Counts 18-19)<br>TAMIKA ADAMS (Counts 20-22) |

## II. **ELEMENTS OF THE OFFENSES**

### A. **As to Count 1:**

In order for the crime of Conspiracy to Commit Health Care Fraud, in violation of Title 18, United States Code, Section 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. § 1347 as described in the Indictment, was formed, reached, or entered into by two or more persons; and,

2. At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

O'Malley, Grenig and Lee, 2 Federal <u>Jury Practice and Instructions</u> § 31.03 (2002) (revised to exclude overt act requirement, see <u>Whitfield v. United States</u>, 125 S.Ct. 687, 691 (2005); <u>United States v. Shabani</u>, 513 U.S. 10, 16 (1994)).

**B.    As to Count 2:**

In order for the crime of Health Care Fraud, in violation of 18 U.S.C. § 1347, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly devised or participated in a scheme to defraud Medicaid, to obtain by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of Medicaid in connection with the delivery of or payment for health care benefits, items, or services;

2.    That the defendant acted with the intent to defraud; and

3.    That Medicaid was a public plan or contract, affecting commerce, under which any medical benefit, item, or service was provided to any individual, including any individual or entity who was providing a medical benefit, item, or service for which payment may be made under the plan or contract.

Third Circuit Model Criminal Jury Instruction 6.18.1347.

**C.    As to Count 3:**

In order for the crime of Concealment of Material Facts Related to Health Care Matter, in violation of 18 U.S.C. § 1035(a)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant falsified; concealed; or covered up by any trick, scheme or device a material fact in a matter involving a health care benefit program;

2.      That the defendant did so knowingly and willfully; and

3.      That the defendant did so in connection with the delivery of or payment for health care benefits, items or services.

Seventh Circuit Model Criminal Jury Instruction 397.

**D.      As to Counts 4-22:**

In order for the crime of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant committed a felony violation of a statute listed in 18 U.S.C. § 1028A(c), other than Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1); and

2.      That the defendant, during and in relation to said felony violation, knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person.

18 U.S.C. § 1028A(a)(1).

## III. <u>PENALTIES</u>

**A.      As to Count 1:  Conspiracy to Commit Health Care Fraud (18 U.S.C. § 1349):**

1.      A term of imprisonment of not more than ten (10) years, but if the violation results in serious bodily injury as defined in Title 18, United States Code 1365, a term of imprisonment of not more than twenty (20) years, and if the violation results in death, a term of imprisonment for any term of years or for life;

2.      A fine not more than the greater of $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the

pecuniary loss to any person other than the defendant, unless the imposition of this fine would unduly complicate or prolong the sentencing process; and,

        3.      A term of supervised release of not more than three (3) years.

**B.     As to Count 2:  Health Care Fraud (18 U.S.C. §§ 1347 & 2):**

        1.      A term of imprisonment of not more than ten (10) years, but if the violation results in serious bodily injury as defined in Title 18, United States Code 1365, a term of imprisonment of not more than twenty (20) years, and if the violation results in death, a term of imprisonment for any term of years or for life;

        2.      A fine not more than the greater of $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this fine would unduly complicate or prolong the sentencing process; and

        3.      A term of supervised release of not more than three (3).

**C.** **As to Count 3: Concealment of Material Facts Related to Health Care Matter (18 U.S.C. §§ 1035(a)(1) & 2):**

    1.    A term of imprisonment of not more than five (5) years;

    2.    A fine not to exceed $250,000; and

    4.    A term of supervised release of not more than two (2) years.

**D.** **As to Counts 4-22: Aggravated Identity Theft (18 U.S.C. §§ 1028A(a)(1) & 2):**

    1.    A term of imprisonment of two years to run consecutively with any other term imposed, except as stated in 18 U.S.C. § 1028A(b)(4);

    2.    A fine not more than the greater of $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this fine would unduly complicate or prolong the sentencing process; and

    3.    A term of supervised release of not more than one (1) year.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts 2 and 4 through 22, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI.  **<u>FORFEITURE</u>**

Forfeiture is not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

_____

ERIC G. OLSHAN
Assistant U.S. Attorney
IL ID No. 6290382